**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**AARON PAGE, county jail inmate #303002**                                    **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 1:07-cv-1104-LG-RHW**

**DECARLOS MOORE AND
HARRISON COUNTY JAIL**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate currently incarcerated in the Harrison County Detention Center, Gulfport, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 on September 24, 2007. On October 10, 2007, an order [6] was entered directing Plaintiff to file a written response on or before October 29, 2007. Plaintiff has failed to comply with this order. Plaintiff was warned in this Court order that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint.

On November 14, 2007, an order [7] was entered directing Plaintiff to show cause, on or before November 28, 2007, why this case should not be dismissed for his failure to timely comply with the Court's October 10, 2007 order. In addition, Plaintiff was directed to comply with the October 10, 2007 order by filing the required documentation, on or before November 28, 2007. The show cause order warned Plaintiff that failure to advise this Court of a change of address or to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. Plaintiff did not comply with the Court's order.

Further, on December 18, 2007, this Court entered a second order to show cause [8] directing Plaintiff to file a written response on or before January 2, 2008. In addition, Plaintiff was directed to comply with the October 10, 2007 order by filing the required documentation, on

or before January 2, 2008.  The show cause order warned Plaintiff that failure to advise this Court of a change of address or to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.

Plaintiff failed to comply with three Court orders and has not contacted this Court since October 3, 2007.  This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F. 3d 1030, 1031 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith,* No. 05-31009, 2006 WL 2852389, at \*2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the above-caption cause is **DISMISSED** without prejudice.

**SO ORDERED AND ADJUDGED** this the 8th day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE